In the Matter of the Arbitration between GERALD BUCHHOLZ, Doing Business as FEDERAL TOOL AND INSTRUMENT Co., Appellant, and LOCAL 463, INTERNATIONAL UNION OF ELECTRICAL, RADIO AND MACHINE WORKERS, Respondent.

First Department, February 20, 1962.

*Joseph M. Midler* of counsel (*Safir & Kahn*, attorneys), for appellant.

*Leonard Greenwald* of counsel (*Abramson & Lewis*, attorneys), for respondent.

*Per Curiam.* An employer appeals from a denial of his application to stay an arbitration sought by the union. The matter sought to be arbitrated is the discharge of one Klementowicz. It appears that on October 11, 1961, the union demanded an arbitration as to this discharge, pursuant to its contract. There is no doubt that this would be an arbitrable matter under the contract. However, prior to the demand the union made a charge of an unfair labor practice to the National Labor Relations Board, the unfair practice being the discharge of this same employee. The board entertained the charge, held a hearing and found that the charge was not sustained. Thereafter an election was held to determine whether the union represented the employees. At the election Klementowicz attempted to vote but his vote was challenged on the ground that he was no longer an employee. As his vote would have determined the election, the union submitted the matter of the challenge to the National Labor Relations Board. The board found: "The Employer challenged the ballot of Joseph A. Klementowicz on the ground that the challenged voter had voluntarily quit his job on September 12, 1961, and accordingly is not eligible. On the day preceding the election, Petitioner filed a charge alleging that the Employer discharged said employee for Union activity. The said charge has been dismissed and consequently it must be concluded that Klementowicz was no longer an employee of the Employer when the election was held and hence was not an eligible voter. It follows that the challenge to the ballot of Klementowicz should be sustained." Both rulings of the board through its regional director were appealed and in both instances the decision was upheld.

It now appears that the union wishes to litigate the same question again, this time by way of arbitration. Respondent cites several cases which are not apposite. There are many situations where an act can be both a breach of contract subject

to arbitration and also an unfair labor practice which the National Labor Relations Board has jurisdiction to pass on. But the mere fact that the board has jurisdiction does not in and of itself deprive an arbitrator of jurisdiction or prevent recourse to arbitration. The rule is quite different where either party has already submitted its claim to the board and the latter has accepted and ruled on it. Such ruling precludes further proceedings by way of arbitration (*Amalgamated Workers* v. *Edison Co.*, 309 U. S. 261; *Garner* v. *Teamsters Union*, 346 U. S. 485; *Matter of Amperex Electronic Corp.*, 284 App. Div. 808). If arbitration were allowed after the precise question has been ruled on by the National Labor Relations Board, the result could be contrary holdings on a single issue — a situation always to be avoided.

The order should be reversed on the law and the motion for a stay granted, with costs to the appellant.

McNALLY, J. P., STEVENS, EAGER, STEUER and BASTOW, JJ., concur.

Order, entered on November 17, 1961, unanimously reversed, on the law, with $20 costs and disbursements to the appellant, and the motion for a stay granted, with $10 costs.