■ J. A. R. MANAGEMENT CORP. et al., Respondents, v JOHN J. SWEENEY, as President of Local 32B-32J, SERVICE EMPLOYEES INTERNATIONAL UNION, AFL-CIO, Appellant. — In a proceeding to vacate a notice of intention to arbitrate, the appeal is from a judgment of the Supreme Court, Queens County (Graci, J.), dated July 14, 1981, which granted the application. Judgment modified, on the law, (1) by adding to the decretal paragraph, immediately following the word "vacated", the following: "insofar as it affects J. R. R. Realty Co. and the motion to vacate the notice of intention to arbitrate as against J. A. R. Management Corp. is denied", and (2) by adding thereto a provision that arbitration against J. A. R. Management Corp. is stayed pending the determination of the proceeding between John J. Sweeney and J. R. R. Realty Co. before the National Labor Relations Board; upon conclusion of that proceeding, arbitration may resume to resolve those disputes arising out of the collective bargaining agreement between J. A. R. Management Corp. and Local 32B-32J S.E.I.U., AFL-CIO, which have not been disposed of by the National Labor Relations Board. As so modified, judgment affirmed, without costs or disbursements. The collective bargaining agreement between petitioner J. A. R. Management Corp. and its employees' union provided, *inter alia,* that J. A. R. would (1) give the union two weeks' notice of intention to sell its apartment building, and (2) compel the buyer to agree in writing to "adopt" the collective bargaining agreement and to offer employment to J. A. R.'s employees. Notwithstanding these provisions, J. A. R. sold its building to petitioner J. R. R. Realty Co. without giving notice to the union. Although the contract of sale did not compel J. R. R. to adopt the collective bargaining contract, an indemnification agreement executed at the closing provided that J. R. R. would take title "subject to" the performance of J. A. R.'s agreements and would save J. A. R. harmless from any liability deriving from those agreements. Upon taking title, J. R. R. refused to hire J. A. R.'s employees and the union responded by serving a notice of intention to arbitrate against both J. A. R. and J. R. R. and by filing unfair labor practice charges against J. R. R. with the National Labor Relations Board (NLRB). Petitioners then

moved to vacate the notice of intention to arbitrate arguing that the matter had been pre-empted by the NLRB proceeding. Special Term granted the motion; we conclude that there should be a modification. While it is true that an NLRB proceeding ordinarily pre-empts an arbitration proceeding (see *Matter of Buchholz [Local 463, Int. Union of Elec., Radio & Mach. Workers]*, 15 AD2d 394, affd 15 NY2d 181), in this case, the NLRB cannot provide the union with relief against J. A. R. At best, the labor relations disposition will resolve the merits of the union's claims against J. R. R., including the latter's contention that it is not bound by J. A. R.'s contract with the union. The NLRB, however, cannot resolve the union's claims against J. A. R. for failing to give notice, nor can it provide relief against J. A. R. should it determine that the contract of sale did not bind J. R. R. to the terms of the collective bargaining agreement. Under these circumstances, the arbitration against J. A. R. should be stayed pending disposition of the NLRB proceeding. If completion of that proceeding leaves unresolved issues, the union should not be precluded from raising them in the arbitration. Mollen, P. J., Lazer, Cohalan and Thompson, JJ., concur.